UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6269-CR-ZLOCH

UNITED STATES OF AMERICA,

Plaintiff,

v.

RANDY ARANOFF,

Defendant.

_____/

## MOTION FOR A DOWNWARD DEPARTURE

Mr. Aranoff, through council, respectfully requests a downward departure from his guideline range on the grounds that his offense occurred during a time of diminished capacity.

Mr. Aranoff has pled guilty under 18 U.S.C § 2252 (a)(2) of receiving and attempting to receive visual depictions of minors engaging in explicit conduct.

In Koon v United States, 518 US 81, 95 (1996) the court held that a sentencing court considering a departure should ask what features of the case take it outsides the heartland and make it unusual and whether the commission has specifically forbidden, discouraged or encouraged departures based upon those features. The guidelines specifically allow a departure for diminished capacity.

U.S.S.G § 5K2.13 states that a sentence below the applicable range may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity. The sentencing guidelines gives certain situations in which the court may not grant such a departure.

Firstly, the court may not grant a downward departure if the reduced capacity was as a result of the voluntary use of drugs or other intoxicants. Mr. Aranoff does not suffer from substance abuse and any medications are those prescribed by medical doctors. Mr. Aranoff's case falls outside the heartland of cases on this issue based upon extreme psychological, verbal and physical abuse that he suffered at the hands of his father and brother throughout his entire childhood. The court in United States v Miller, 146 F.3d 1281,1286 (1998), held that "a departure under §5K2.13 requires that the reduced mental capacity contribute to the offense." The abuse that Mr. Aranoff suffered throughout his childhood is not an excuse for his actions but directly contributed to this offense. The abuse that he suffered caused him to spiral down into sever depression and paranoia which culminated in a suicide attempt when he was sixteen years old. Mr Aranoff has been diagnosed by Dr. Seligson as suffering from Dysthymic disorder. During this confusing and withdrawn time in Mr. Aranoff's adolescence his first sexual experience was with his sister, Bonnie, when he was fifteen. This encounter left him haunted with sexual fantasies about his sister and he admits that this was his motivation for his first visit to the internet.

Next, the court will not grant a downward departure if the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence. Mr. Aranoff has not acted inappropriately with any children and after a consultation with Dr. Seligson it was him medical opinion that he does not fit the profile to be a pedophile. Mr. Aranoff has written a remorseful and lengthy acceptance of responsibility statement included in his Pre Investigation Report. He has also made a serious attempt to mitigate any damage that he has caused by religiously taking his prescribed medication and attending psychotherapy sessions. He is very serious in his attempts to rehabilitate himself and Dr. Seligson stated in his

report that he could benefit from the proper medications and therapy. Mr. Aranoff is married and continues a normal relationship with his wife.

Lastly, the court should not consider a downward departure if the defendant's criminal history indicates a need to incarcerate the defendant for the protection of the public. Mr. Aranoff has never been arrested before and he has zero criminal history points.

In addition, Mr. Aranoff asks the court to grant a downward departure based upon the fact that he will suffer from extraordinary victimization in prison based upon the nature of this offense. In <u>Koon</u> the court weighed the specific facts and based upon the nature of the crime granted a downward departure based upon the fact that the defendant would be unusually susceptible to abuse inside prison.

WHEREFORE, defendant prays that this court will grant his motion for a downward departure based upon the fact that he committed the aforementioned act while in a state of diminished capacity, and that he will suffer extraordinary victimization in prison based upon the nature of this offense.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: *[signature]*

Robert N. Berube
Supervisory Assistant
Federal Public Defender
Florida Bar No. 304247
Attorney for Defendant
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / (Fax) 356-7556

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 11th day of July, 2001, to Kathleen Rice, Assistant United States Attorney, at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 and to Frances Weisberg, United States Probation Officer, 299 East Broward Boulevard, Room 409, Fort Lauderdale, Florida 33301-1865.

Robert N. Berube